UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL H.,

                        Plaintiff,

           v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                        Defendant.
_____

**DECISION
and
ORDER**

**19-CV-6673F**
(**consent**)

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER, PLLC
                             Attorneys for Plaintiff
                             KENNETH R. HILLER, and
                             KELLY ELIZABETH LAGA-SCIANDRA, of Counsel
                             6000 North Bailey Avenue
                             Suite 1A
                             Amherst, New York  14226

                             JAMES P. KENNEDY, JR.
                             UNITED STATES ATTORNEY
                             Attorney for Defendant
                             Federal Centre
                             138 Delaware Avenue
                             Buffalo, New York  14202
                                    and
                             KATHRYN L. SMITH
                             Assistant United States Attorney
                             United States Attorney's Office
                             100 State Street
                             Rochester, New York  14614
                                    and
                             PADMA GHATAGE
                             Special Assistant United States Attorney, of Counsel
                             Social Security Administration
                             Office of General Counsel
                             26 Federal Plaza
                             Room 3904
                             New York, New York  10278

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

**JURISDICTION**

On October 14, 2020, the parties to this action, consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned.  (Dkt. 16).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on February 19, 2020 (Dkt. 11), and by Defendant on May 13, 2020 (Dkt. 14).

**BACKGROUND**

Plaintiff Michael H. ("Plaintiff"), brings this action under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on August 31, 2018, for Social Security Disability Insurance benefits under Title II of the Act ("SSDI" or "disability benefits").  Plaintiff alleges he became disabled on March 15, 2015, based on posttraumatic stress disorder ("PTSD"), radiculopathy, degenerative joint disease, depression, anxiety, and migraine headaches.  AR[2] at 521.  Plaintiff's application initially was denied on October 23, 2018, AR at 406-25, and at Plaintiff's timely request, on May 2, 2019, a hearing was held in Rochester, New York, before administrative law judge Brian Kane ("the ALJ).  AR at 376-405.  Appearing and testifying at the hearing were Plaintiff, represented by Jeffrey Valentine, Esq., and vocational expert ("V.E.") Sakinah Malik.

---

[2] References to "AR" are to page of the Administrative Record electronically filed by Defendant on December 12, 2019 (Dkt. 6).

On May 22, 2019, the ALJ issued a decision denying Plaintiff's claim, AR at 10-21 ("the ALJ's decision"), which Plaintiff timely appealed to the Appeals Council.  AR at 203-05.  In connection with his administrative appeal, Plaintiff submitted for consideration medical records from Rochester VA Outpatient Clinic dated from January 25, 2019 to June 6, 2019 ("new evidence").  AR at 243-372.  On July 16, 2019, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision.  AR at 1-6.  In denying the request for review, the Appeals Council did not find the new evidence would change the outcome of the ALJ's decision and, as such, did not "exhibit" the new evidence in the administrative record.[3]  AR at 2.  On September 13, 2019, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On February 19, 2020, Plaintiff moved for judgment on the pleadings (Dkt. 11) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 11-1) ("Plaintiff's Memorandum").  On May 13, 2020, Defendant moved for judgment on the pleadings (Dkt. 14) ("Defendant's Motion"), attaching the Commissioner's Brief in Response to Plaintiff's Brief Pursuant to Local Civil Rule 5.5 for Social Security Cases (Dkt.14-1) ("Defendant's Memorandum").  Filed on June 4, 2020, was Plaintiff's Response to the Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 15) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

---

[3] Because the Appeals Council did not rely on the new evidence, it is included in the administrative record although not as a formal "exhibit" but as "Documents Related to Administrative Process."

**FACTS**[4]

Plaintiff Michael H. ("Plaintiff"), born October 20, 1966, was 51 years old as of March 25, 2018, his alleged disability onset date ("DOD"),[5] and 52 years old as of May 22, 2019, the date of the ALJ's decision.  AR at 21, 521, 527.  Plaintiff graduated high school where he attended regular classes, attended two years of college, and in 2004 completed a Veterans Administration Veteran Readiness and Employment program.  AR at 522.  Plaintiff's work history includes work as a field service technician.  AR at 388-89, 418, 522, 527.  Plaintiff was enlisted in the United States Army from 1984 to 1998, worked in electronics and went on helicopter missions where he managed electronic equipment, was deployed to Iraq from 1991 to 1992, and receives a military pension.  AR at 382, 666.  Plaintiff attributes his mental health impairments and many of his physical impairments to his military service in Iraq.  AR at 15, 707.

As of the May 2, 2019 administrative hearing, Plaintiff was divorced and lived alone in an apartment.  AR at 546.  Plaintiff testified that he has "children" in college.  AR at 382.  Plaintiff had a driver's license and drives on a regular basis.  AR at 44-45.  Plaintiff's work experience includes as a field service technician.  AR at 522.  On his disability benefits application, Plaintiff indicated he ceased working on March 15, 2015 based on his alleged disabling condition and he was incarcerated for three years, being released from prison in March 2018.  AR at 521, 666-67.

Since applying for disability benefits, Plaintiff has been self-employed as a contractor updating computer systems on a contract basis, including as recently as

---

[4] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

[5] Although Plaintiff listed his DOD as March 15, 2015 on his disability benefits application, AR at 521, on March 20, 2019, Plaintiff amended his DOD to March 25, 2015.  AR at 580.

December 2018.  AR at 377-81.[6]  As of the administrative hearing, Plaintiff was not

working, yet continued to advertise for contract positions because he needed money to

live.  AR at 378-80.  Plaintiff testified that the contract work was difficult because it often

required Plaintiff crawl on his hands and knees underneath desks to access computers,

but he continued to advertise for contract positions because he needed the money to

live and he had children in college.  AR at 381-82.  Plaintiff further testified that since

December 2018, he had not been able to work at all upon his doctor's recommendation

based on a herniated disc, yet Plaintiff continued to advertise for contract work.  *Id.* at

382-83.  Plaintiff learned his computer skills while in the military after which he attended

some college and trade schools.  AR at 384-85.  As of the administrative hearing,

Plaintiff had returned to school and was attending Monroe Community College full-time

pursuing an Associate's degree in electrical engineering.  AR at 109, 385-86.  Plaintiff

reported school was "going well," AR at 313, 1024, and Plaintiff was finishing his second

semester and taking five classes for 16 credits.  AR at 384-85.

On September 12, 2018, Plaintiff was assessed by the VA with a service-

connected disability ration of 90%, consisting of 20% related to intervertebral disc

syndrome, 10% related to tinnitus, 50% related to migraine headaches, 40% for sciatic

nerve paralysis, and 70% for PTSD.  AR at 707.  In connection with his disability

benefits application, on October 16, 2018, Plaintiff underwent an internal medical

evaluation on a consultative basis performed by Harbinder Toor, M.D. ("Dr. Toor").  AR

at 715-19.  Upon examining Plaintiff, Dr. Toor opined Plaintiff "has moderate limitation

---

[6] The ALJ determined that despite his self-employment, Plaintiff's contract positions did not constitute substantial gainful activity rendering Plaintiff financially ineligible for disability benefits under the Act, AR at 12, and that finding is not challenged by Defendant.

standing, walking, squatting, sitting, bending, lifting and carrying.  Pain and headache interfere with his routine."  AR at 718.

## DISCUSSION

1.     **Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence.  *Id.*  "Congress has

instructed . . . that the factual findings of the Secretary,[7] if supported by substantial

evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

## 2.      Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI

benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable

regulations set forth a five-step analysis the Commissioner must follow in determining

eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v.

Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir.

1982).  All five steps need not be addressed because if the claimant fails to meet the

criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible

for disability benefits, but if the claimant meets the criteria for the third or fourth step, the

inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520

and 416.920.

The first step is to determine whether the applicant is engaged in substantial

gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§

404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe

impairment which significantly limits the physical or mental ability to do basic work

activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and

416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is

listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or

"the Listings"), and meets the duration requirement of at least 12 continuous months,

---

[7] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff met the insured status requirements for SSDI through December 31, 2020, AR at 12, has not engaged in substantial gainful activity since March 25, 2015, his amended alleged DOD, *id.*, and suffers from the severe impairments of lumbar spine disc disease, obesity, PTSD, generalized anxiety disorder, and depression, *id.*, but that Plaintiff's history of migraines, sleep apnea,

hypertension, and high cholesterol did not significantly limit his ability to perform work-related activities and are thus, by definition, not severe.  *Id.* at 13.  The ALJ further determined that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in Appendix 1, *id.* at 13-14, and that Plaintiff retains the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a),[8] except that Plaintiff can have only "frequent," *i.e.*, less than continuous, interaction with the general public.  AR at 14-19.  The ALJ further found Plaintiff unable to perform any PRW, *id.* at 19, but based on his age of 51, defined as an individual closely approaching advanced age as of the alleged DOD, having at least a high school education and the ability to communicate in English, and having acquired work skills from PRW that are transferable to other occupations with jobs existing in significant numbers in the national economy, the Medical-Vocational Rules set forth in 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the Grids"), support a finding that Plaintiff is not disabled.  *Id.* at 19-20.  Further considering Plaintiff's age, education, work experience, RFC, and transferability of job skills, Plaintiff can perform jobs existing in significant numbers in the national economy including help desk and information technician, telephone solicitor/telemarketer, dispatcher, and reservation clerk, *id.* at 20, such that Plaintiff is not disabled as defined under the Act.  *Id.* at 26.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step sequential analysis, but argues that at the fourth step the ALJ failed to

---

[8] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. § 404.1567(a).

properly weigh the medical opinions of record, particularly the opinion of Dr. Toor, and the VA's disability assessment, Plaintiff's Memorandum at 18-23, and improperly disallowed new and material evidence presented to the Appeals Council.  AR at 12-17. In opposition, Defendant argues the ALJ properly applied the relevant regulations in evaluating the medical opinions of record, Defendant's Memorandum at 6-14, pursuant to which the ALJ properly evaluated the opinion evidence, *id.* at 14-20, the VA's disability determination assessment is not relevant to the instant claim, *id.*, at 20-21, and the new evidence submitted to the Appeals Council did not provide any basis for changing the ALJ's decision.  *Id.* at 21-25.  In reply, Plaintiff reasserts his argument that the ALJ failed to properly weight the medical opinion of Dr. Toor and Plaintiff's VA disability determination.  Plaintiff's Reply at 1-4.

Preliminarily, as Defendant notes, Defendant's Memorandum at 14 n. 12, Plaintiff does not argue in support of disability based on his mental impairments.  Accordingly, the court's consideration of the evidence is limited to Plaintiff's physical impairments and Plaintiff's asserted PTSD is not addressed.

Plaintiff argues that in determining Plaintiff's RFC, the ALJ failed to adequately weigh and apply the medical opinions of record, particularly the opinion of Dr. Toor based on the October 16, 2018 consultative internal medicine examination, AR at 715-19, Plaintiff's Memorandum at 18-21, and the veteran's disability ratings assessed by the VA.  AR at 21-23.  With regard to the internal medicine examination, Dr. Toor reported Plaintiff's chief complaint was degenerative disc disease of the lumbar spine presenting "a constant, dull, achy pain, sometimes sharp pain, 7 out of 10 on a scale of 1 to 10 in the lower back," which "radiates to the legs, more on the left than the right,"

with tingling and numbness in his feet, and causing difficulty standing, walking, sitting, bending and lifting.  AR at 715.  Plaintiff also reported migraine headaches.  *Id*. Plaintiff's activities of daily living included cooking three times a week, cleaning once a month, laundry and shopping once a week, no childcare, daily showering and dressing, watching television, listening to the radio, reading, going out and socializing with friends, and fishing.  AR at 716.  Plaintiff was not in acute distress, had normal gait and station, could walk and heels and toes with slight difficulty, squat 50% of full, did not use any assistive device, needed no help changing for the examination, had slight difficulty getting on and off the examination table, and was able to rise from a chair without difficulty.  *Id*.  Physical examination of Plaintiff was largely unremarkable with full range of motion ("ROM") in the cervical spine, some decreased ROM in the lumbar spine, positive straight leg raising test bilaterally in both sitting and supine positions, full ROM of shoulders, elbows, forearms, wrists, hips, knees, and ankles bilaterally, with some loss of feeling to touch and pinprick in the feet bilaterally.  AR at 717.  Hand and finger dexterity was intact with full grip strength bilaterally.  *Id*.  Dr. Toor's diagnoses were all by "history" of lumbar spine disc disease, migraine headaches, sleep apnea, hypertension, and mental health issues, *id*. at 718, with fair prognosis, *id*., and Dr. Toor opined Plaintiff "has moderate limitation standing, walking, squatting, sitting, bending, lifting, and carrying.  Pain and headache interfere with his routine."  *Id*.  The ALJ found Dr. Toor's opinion "partially persuasive" and supported by clinical findings, but "not entirely consistent with the rest of the evidence in the record" and does not account for Plaintiff's "subjective complaints of pain."  *Id*. at 19.  The partial weight the ALJ afforded Dr. Toor's opinion is supported by substantial evidence in the record.

In particular, much of Dr. Toor's examination relied on Plaintiff's self-reported subjective symptoms of pain and headaches, AR at 715, which is underscored by the fact that each of Dr. Toor's five diagnoses are characterized as "history of . . . ."  AR at 718.  A medical opinion's reliance on a claimant's self-reported subjective complaints supports an ALJ's decision to give less weight to the opinion.  *See Johnson v. Comm'r of Soc. Sec.*, 669 F. App'x 580, 581 (2d Cir. 2016) (upholding ALJ's decision not to give controlling weight to medical opinion that primarily relied on claimant's self-reported symptoms); *Polynice v. Colvin*, 576 F. App'x 28, 31 (2d Cir. 2014) (upholding ALJ's decision not to give controlling weight to medical opinion where it was no more than a doctor's recording the claimant's own reports of pain); and *Lewis v. Colvin*, 548 F. App'x 675, 678 (2d Cir. 2013) (finding discounting doctor's opinion not improper where it was inconsistent with his own prior opinions and was based on the claimant's subjective complaints).

The ALJ also is not required to point to every piece of evidence considered in rendering a disability determination.  *See Cichocki v. Astrue*, 729 F.3d 172, 178 and n. 3 (2d Cir. 2013) (considering ALJ's statement that he considered all of the claimant's "medically determinable impairments" in undertaking the sequential evaluation process applied the proper legal standard and was supported by substantial evidence because an ALJ need not recite every piece of evidence that contributed to the decision, so long as the record "permits us to glean the rationale of an ALJ's decision") (citing *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)).  Here, the ALJ considered the evidence and found Plaintiff's medically determinable impairments reasonably could be expected to cause the symptoms Plaintiff alleged, but the intensity, persistence, and limiting

effects of such symptoms were not entirely consistent with the medical evidence and other evidence in the record.  AR at 15.  This finding is supported by substantial evidence in the record.

In particular, the ALJ specifically considered that Plaintiff attends college four days a week for electronics engineering and as of the date of the administrative hearing, was taking five classes, AR at 18, reported on September 4, 2018 he intended to continue his education possibly at the University of Rochester, *id.* at 640, that he looked for work but previous legal issues were preventing him from finding a job so Plaintiff intended to continue working at his college internship, *id.* at 18, 640, and Plaintiff had worked as recently as December 2018, *id.* at 12.  On January 4, 2019, Plaintiff reported he "continues to pick up part time work when available."  AR at 1025.  Significantly, a disability benefits claimant's ability to attend classes and work is inconsistent with a finding of disability.  *See Vay v. Comm'r of Soc. Sec.*, 382 F.Supp.3d 267, 274 (W.D.N.Y. 2018) (ALJ did not err in assigning treating counselor's opinion that claimant's case "is truly a case that needs benefits" little weight because claimant attended college, worked part time and sought to live on her own); *Green v. Comm'r of Soc. Sec.*, 2018 WL 2269797, at * 3 (W.D.N.Y. May 17, 2018) (it was proper for ALJ to determine the plaintiff's activities of daily living, which included working full-time while also attending college classes, were inconsistent with a finding of disability).

Finally, insofar as Plaintiff maintains Dr. Toor's determinations that Plaintiff's pain and headaches interfere with his routine and has a "moderate" limitation to sitting are "vague" and "ambiguous" requiring further development of the record, Plaintiff's Memorandum at 19-21; Plaintiff's Reply at 1-3, the ALJ did not fully adopt Dr. Toor's

opinion, but found it only "partially persuasive," AR at 19, and references substantial evidence in the record negating Plaintiff's assertions of debilitating pain and supporting the ALJ's determination that Plaintiff retains the RFC for sedentary work.  Specifically, the ALJ considered that Plaintiff has received only conservative treatment for his back impairment, takes non-narcotic medication for pain relief, attends physical therapy, chiropractic and acupuncture treatments, regularly goes to the gym and performs a "self-described moderate exercise routine," takes no migraine medications, has not sought medical treatment for his migraines, is independent in his activities of daily living, can drive a car, and attends school.  AR at 18.  Accordingly, the ALJ did not err in seeking clarification as to whether the "moderate" limitations found by Dr. Toor preclude Plaintiff's performance of sedentary work.

Although the ALJ is permitted to rely on the opinion of a consultative examiner provided the opinion is supported by and consistent with other evidence in the record, "[u]nder this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'"  *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 58-59 (2d Cir. 2013) (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).  Here, the record contains substantial evidence, as discussed, *supra*, that is inconsistent with Dr. Toor's opinion such that no reasonable factfinder would have to conclude the ALJ's decision to afford Dr. Toor's opinion only partial weight was erroneous.

Plaintiff's argument, Plaintiff's Memorandum at 21-23 (citing AR at 707), that the ALJ failed to properly weigh the VA's September 12, 2018 assessment of Plaintiff with a service-connected disability ratio of 90%, consisting of 20% related to intervertebral disc

syndrome, 10% related to tinnitus, 50% related to migraine headaches, 40% for sciatic

nerve paralysis, and 70% for PTSD, is without merit.  Although the ALJ is required to

consider the VA's disability determination, the ALJ is not bound by it.  *See Heather R. v.*

*Comm'r of Soc. Sec.*, 2021 WL 37522, at * 5 (W.D.N.Y. Jan. 5, 2021) (the ALJ is to

consider the VA's determination, but is not bound by it).  Here, the ALJ specifically

stated he "considered the medical opinion(s) and prior administrative medical finding(s)

in accordance with the requirements of 20 C.F.R. § 404.1520c.  As Defendant argues in

opposition, Defendant's Memorandum at 20-21, the relevant regulations provide that

issues reserved to the Commissioner such as disability determinations by other

governmental agencies as the Veterans Administration constitute evidence that "is

inherently neither valuable nor persuasive to the issue of whether [a claimant is]

disabled."  20 C.F.R. § 404.1520b(c)(1)-(3).  As such, the Commissioner "will not

provide any analysis about how we considered such evidence in our determination or

decision. . . ."  20 C.F.R. § 404.1520b(c).  Accordingly, the ALJ's failure to discuss the

VA's disability determination is not legal error.

Nor is there any merit to Plaintiff's argument, Plaintiff's Memorandum at 12-21,

that the Appeals Council erred in failing to consider the "new evidence" submitted by

Plaintiff on administrative appeal.[9]  In particular, the Appeals Council will consider

additional evidence on appeal only upon receiving "additional evidence that is new,

material, and relates to the period on or before the date of the hearing decision, and

there is a reasonable probability that the additional evidence would change the outcome

---

[9] The new evidence consists of 130 pages of medical records from Rochester VA Outpatient Clinic for treatment dates January 25, 2019 to June 6, 2019, and includes treatment progress notes and lab results. AR at 243-372.

of the decision." 20 C.F.R. § 404.970(a)(5).  First, as Defendant maintains, Defendant's
Memorandum at 21 n. 16, much of the asserted "new evidence" is not new but is
duplicative of evidence already before the ALJ, and Plaintiff does not argue otherwise in
reply.[10]  Insofar as the evidence is "new," there is not a reasonable probability that
consideration of the such evidence would alter the ALJ's decision that Plaintiff's severe
impairments do not preclude Plaintiff from working.

Specifically, the new evidence, to the extent pertinent, shows Plaintiff continued
to pursue a treatment regimen for his back impairment, specifically, lumbar spine disc
disease, including chiropractor treatments, acupuncture therapy, and non-narcotic pain
medication and participated in the Rochester VA's Health Fitness Center ("HFC")
exercise program with Plaintiff's symptoms routinely described in the Rochester VA
treatment progress notes as "mild."  See n. 11, *supra*.  For example, the new evidence
is replete with references to Plaintiff regularly participating in the HFC exercise program.
*See*, *e.g.*, AR at 352-55.  Progress notes dated June 3, 2019 include a report of
Plaintiff's visit to the chiropractic/acupuncture clinic where Plaintiff's "chief complaint
[was] of chronic lower back pain with some left lower extremity numbness/pain."  AR at
249.  Since Plaintiff was last treated three weeks earlier, Plaintiff had experienced
exacerbation of his low back symptoms which he managed with naproxen (non-narcotic
nonsteroidal anti-inflammatory drug), and on June 3, 2019, Plaintiff's symptoms were
"mild."  *Id.*  Similarly, at a January 10, 2019 chiropractic/acupuncture clinic treatment
session, Plaintiff's chief complaint was chronic lower back pain, with some left lower
extremity numbness and pain, but Plaintiff reported the persistent pain was well-

---

[10] The court notes Plaintiff's Reply does not further address the Appeals Council's failure to consider the
new evidence.  *See* Plaintiff's Reply, *passim.*

managed and denied significant lower extremities problems other than some bilateral

foot numbness with prolonged sitting which remitted upon Plaintiff changing positions.

AR at 354.  Consideration of these records thus do not present a reasonable probability

that the ALJ's decision, if considered, would be changed.

Plaintiff also argues that consideration of the new evidence could reasonably be

expected to alter the ALJ's finding regarding the severity of Plaintiff's migraine

headaches and that such headaches were associated with Plaintiff's lumbar

exacerbations, Plaintiff's Memorandum at 17 (citing AR at 314, 362, and 399).  A review

of the new evidence, however, reveals only Plaintiff reporting on one occasion, March 6,

2019, having a headache that day, AR at 314, and on January 4, 2019, reported he

"had 2 recent headaches."  AR at 362.  The ALJ considered Plaintiff's hearing testimony

that he had, on average, 12 migraines per month lasting up to eight hours, AR at 16

(citing AR at 299-400), observing that at Plaintiff's chiropractic consultation at the

Rochester VA on August 30, 2018, Plaintiff denied any recent headaches.  AR at 643.

The ALJ also considered that Plaintiff did not seek treatment for migraines, including

that Plaintiff has not seen a neurologist or any other doctor for his headaches nor takes

any migraine medication.  AR at 18.  Accordingly, there is not a reasonable probability

that consideration of the new evidence would alter the ALJ's decision that Plaintiff's

migraines do not qualify as a severe impairment.

Further, although Plaintiff maintains the new evidence included a report by

Aubrey S. Wong, D.O. ("Dr. Wong") regarding Plaintiff's December 27, 2018 lumbar

MRI that showed multilevel spondylosis, the most significant findings were a left

subarticular protrusion extending into the left neural foramen causing nerve root

17

compression and encroachment of the left foramen at L5-S1, and mild facet arthropathy and disc desiccation at L4-L5, AR at 295, the actual MRI findings are exhibited in the administrative record, AR at 1006-07, with the results quoted by the ALJ who found Plaintiff with progressive lumbar degenerative changes.  AR at 15-16.  As such, despite the Appeals Council's refusal to consider the new evidence on appeal, the MRI results were considered by the ALJ in formulating Plaintiff's RFC.  Plaintiff's contention that the Appeals Council improperly failed to consider such evidence is therefore incorrect.

Nor does the May 1, 2019 neurological consultation performed by "Dr. Maxwell" at UB Neurosurgery, for consideration of possible surgery on Plaintiff's herniated disc, AR at 255, 295, qualify as new evidence which, if considered by the Appeals Council, would show a reasonable probability of overturning the ALJ's decision.  Rather, following the consultation, Dr. Maxwell's recommendation was that Plaintiff was not a good candidate for surgery but recommended allowing rest and time for Plaintiff's lower lumbar disc herniation to heal without surgical intervention.  AR at 255.  As such, the May 1, 2019 neurological consultation supports only that Plaintiff continued to receive conservative treatment for his back impairment as the ALJ found and could not reasonably support overturning the ALJ's determination.

A physical therapy function assessment performed by Dr. Wong on April 25, 2018 and included in the new evidence that was not before the ALJ and not considered by the Appeals Council, AR at 267-68, showed no range of motion ("ROM") deficits in Plaintiff's upper extremities, and decreased standing hip flexion range of motion in his lower extremities, Plaintiff was able to ambulate 1180 feet in six minutes, arrived at the clinic independently and without an assistive device, Plaintiff climbed 20 stairs without

use of a handrail or assistive device, and Plaintiff was reported having pain with activity, yet was able to complete Dr. Wong's physical assessment.  AR at 267-68.  Rather than support a finding a disability, this assessment supports the ALJ's determination that Plaintiff remains capable of performing sedentary work.

Accordingly, none of the "new evidence" proffered to the Appeals Council presented a "reasonable probability that the additional evidence would change the outcome of the decision," 20 C.F.R. § 404.970(a)(5), such that it was not error for the Appeals Council to refuse to consider them.

A thorough review of the administrative record reveals the ALJ's assessment of Plaintiff's RFC is therefore supported by substantial evidence in the record.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion (Dkt. 11) is DENIED; Defendant's Motion (Dkt. 14) is GRANTED.  The Clerk of Court is directed to close the file. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      January 28th, 2021
            Buffalo, New York